Judge Owsley
delivered the opinion of the court.
This was an action of assumpsit, brought by Graves to recover the amount of a protested bill of exchange, drawn by Baxter in his favor, on a certain David B. Hill, and which was protested for non-payment.
In the progress of the trial, after the bill regularly protested was given in evidence, the counsel of Baxter moved the court to instruct the jury, that notice of the protest should have been given to Baxter in reasonable time after it was made; but the court overruled the motion, and instructed the jury, that no such notice was necessary to enable Graves to maintain his action, unless Baxter, the drawer of the bill, had funds in the hands of Hill, the drawee, at the date of the protest.
A verdict was, consequently, obtained by Graves, and judgment rendered against Baxter;—to reverse which, this writ of error, with supersedeas, has been prosecuted.
That the court was correct in supposing that no notice is necessary to charge the drawer of a bill when he has no; funds in the hands of the drawee, there can be no doubt but it is equally clear that, if the drawee has funds, and the bill is protested, either for non-acceptance or non-payment, no action can be maintained against the drawer, unless he is notified of the protest in reasonable time.
Whether, therefore, in an action against the drawer, notice to him of the protest should be proven, turns exclusively upon the question, whether or not the drawee has funds of the drawer in his hands—but as the law presumes the maker of a bill always has funds in the drawee’s hands, consequently may sustain damages by the holder’s neglect to give notice, in excuse for the failure to give notice, the holder of the bill should prove that the person insisting on the want of it sustained no damage.
In the present case, however, there appears to have been no evidence introduced before the jury, conducing, in the slightest manner, to prove the drawer of the bill had no effects in the hands of Hill, the drawee, or tending to the establishment of any facts from which an inference can be drawn of Baxter having sustained drawn of Baxter having no damage.
In the absence of such evidence, therefore, the court should have instructed the jury that notice of the protest *153 should have been given to Baxter; and, consequently, for its refusal to do so, the judgment must be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.
Hardin for plaintiff, Wickliffe contra.